CHAMBERS COPY

E-FILED

1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney
2
3   BRIAN J. STRETCH (CABN 163973)
    Chief, Criminal Division
4
    EUMI L. CHOI (WVBN 722)
    Assistant United States Attorney
5
6   150 Almaden Boulevard
    San Jose, California 95113
    Telephone: (408) 535-5061
7   Facsimile: (408) 535-5066
    Email: Eumi.Choi@usdoj.gov
8

Attorneys for the United States of America

RECEIVED

OCT 0 7 2009

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 09-70474 RS |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM OCTOBER 9, 2009, THROUGH OCTOBER 16, 2009, FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(7)(A),(B)) |
| v. | ) | |
| AMIR HOSSEIN RASHIDIFAR, | ) | |
| Defendant. | ) | |

On May 27, 2009, in the Northern District of California, San Jose Division, a criminal complaint charging defendant Amir Hossein Rashidifar with one count of violating 18 U.S.C. § 1542 (false statement in a passport application) and arrest warrant was authorized. Defendant was subsequently located in Canada, and deported to the United States. He made his Rule 5 initial appearance in the Western District of New York (Buffalo) on August 13, 2009. After being advised of the provisions under Rule 20, the pending charge and its potential penalties, defendant waived his rights to a Rule 20 hearing, an identity hearing and a preliminary examination in the Western District of New York. Defendant also did not oppose the

//

CR 09-70474 RS
STIPULATION AND [PROPOSED] ORDER
EXCLUDING TIME                                1

1 | government's request for detention, and agreed to his transfer to this district. He was duly
2 | remanded to the custody of the United States Marshals, and transported to this district.
3 |       On August 27, 2009, defendant made an appearance in this district. At the request of the
4 | parties, the court had ordered an exclusion of time from August 13, 2009, through September 17,
5 | 2009, extending the 30-day period to indict defendant after his arrest, specified under 18 U.S.C. §
6 | 3161(b), to afford counsel for defendant an opportunity for further consultation with defendant,
7 | and for effective preparation.[1] The court also set the matter on calendar for September 17, 2009,
8 | in anticipation of an indictment. The scheduled court appearance was subsequently vacated at
9 | the request of the parties, and another exclusion of time from September 17, 2009 through
10 | October 9, 2009 granted.
11 |       At this time, the parties are requesting an exclusion of time from October 9, 2009
12 | through October 16, 2009, to continue to afford counsel for defendant an opportunity for further
13 | consultation with defendant, for effective preparation, and to continue to explore the possibility
14 | of a pre-indictment resolution.[2]
15 |       The United States hereby submits this written request for an order finding that said time
16 | is excluded under the Speedy Trial Act, 18 U.S.C. § 3161, in that the ends of justice are served
17 | by taking such action and outweigh the best interests of the public and defendant in a speedy
18 | trial. 18 U.S.C. § 3161(h)(7)(A). The failure to grant such a continuance would unreasonably
19 | //
20 | //
21 | //
22 | //

---

[1] As provided by Rule 5.1(a)(1), defendant, though counsel, further waived a preliminary hearing in the Northern District of California under Rule 5.1(b)(defendant arrested in a district other than where the offense was allegedly committed may elect to have the preliminary hearing in the district of prosecution) and 18 U.S.C. § 3060.

[2] The parties do not request another court date, since another court date will be set upon the filing of a charging instrument in this matter.

CR 09-70474 RS
STIPULATION AND [PROPOSED] ORDER
EXCLUDING TIME           2

deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

DATED: October 7, 2009                JOSEPH P. RUSSONIELLO
                                      United States Attorney

                                              /s/
                                      _____
                                      EUMI L. CHOI
                                      Assistant United States Attorney

                                      **Leland B. Altschuler**
                                      Digitally signed by Leland B. Altschuler
                                      DN: cn=Leland B. Altschuler, o, ou=Law Ofc. of Leland
                                      B. Altschuler, email=Lee@AltschulerLaw.com, c=US
                                      Date: 2009.10.07 11:01:45 -07'00'
                                      _____
                                      LEE ALTSCHULER
                                      Attorney for Defendant

### ORDER

Based upon the stipulation of the parties, and for good cause shown, the Court HEREBY ORDERS that the time from October 9, 2009, through October 16, 2009, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161. The Court finds that the ends of justice are served by taking such action and outweigh the best interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The failure to grant such a continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

DATED: 10/7/09                        _____
                                      PATRICIA V. TRUMBULL
                                      United States Magistrate Judge